UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | 06-CR-340 (ARR) |
| -against- | NOT FOR ELECTRONIC OR PRINT PUBLICATION |
| TREVOR SPEARS, | **OPINION & ORDER** |
| *Defendant.* | |

ROSS, United States District Judge:

Before me is Trevor Spears's motion for a sentence reduction pursuant to 18 U.S.C. §§ 3582(c)(2) and 3582(c)(1)(A)(i). Def.'s Mot. Reduce Sentence ("Def.'s Mot."), ECF No. 406; Def.'s Suppl. Mem. Supp. Mot. Reduce Sentence ("Def.'s Suppl. Mem."), ECF No. 413. The government opposes the motion. Gov't Resp. Opp'n ("Gov't Opp'n"), ECF No. 408; Gov't Letter Opp'n ("Gov't Letter"), ECF No. 415. For the following reasons, I deny Mr. Spears's motion.

## BACKGROUND

Mr. Spears is currently incarcerated at the Federal Correctional Institution in Berlin, New Hampshire, serving a sentence of 282 months for drug trafficking and weapons offenses. Presentence Investigation Report ("PSR") ¶¶ 1–9; Def.'s Mot. 10. According to the PSR, Mr. Spears was first arrested on October 2, 2006, after an altercation in which he fired a gun at two people, including a New York City police officer. Gov't Opp'n 2; PSR ¶ 20. Following his arrest, he was indicted in state court for, *inter alia*, attempted murder and attempted assault of a police officer, PSR ¶¶ 88–89 (Kings Cnty. Case No. 9319-06), and subsequently transferred to federal custody to face charges arising from his involvement with drug trafficking. Gov't Opp'n 2. After a four-day jury trial in January 2008, Mr. Spears was convicted on eight counts of the

nine-count superseding indictment, including multiple counts of possession with intent to distribute heroin and crack cocaine, in violation of 18 U.S.C. §§ 841(a)(1) and 846, and one count of using and carrying a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c). PSR ¶¶ 1–9. At trial, the government presented evidence that Mr. Spears was a member of a Brooklyn-based drug crew that was responsible for the distribution and sale of large quantities of heroin and crack cocaine in Bushwick, Brooklyn and Burlington, Vermont between 2002 and 2006. *See* Gov't Sent'g Mem. 4–7, ECF No. 304; Def.'s Sent'g Mem. 2–6, ECF No. 303.

On August 7, 2009, I sentenced Mr. Spears to 282 months based on the following calculations. Sent'g Tr., ECF No. 318. First, I specifically adopted the government's calculations for the quantities of crack cocaine (4.7 kg) and heroin (3 kg) attributable to Mr. Spears by virtue of his participation in multiple drug trafficking conspiracies. *Id.* at 44. Departing from the Drug Quantity and Drug Equivalency Tables in effect at the time, *see* U.S.S.G. § 2D1.1(c) (2008); *id.* Application Note 10 (2008), I calculated Mr. Spears's Guidelines range using a one-to-one crack to cocaine ratio, for a base offense level of 34. Sent'g Tr. 46–47. I added a role enhancement of one level and a weapons enhancement of two levels resulting in an adjusted offense level of 37. *Id.* There was no dispute as to Mr. Spears's criminal history calculation, comprised of eight criminal history points plus two additional "recency points" because his offense was committed less than two years after his release from a prior term of imprisonment, placing him in criminal history category V.[1] PSR ¶¶ 57–87; Def.'s Sent'g Mem. 9. *See* U.S.S.G. § 4A1.1 (2008); *United*

---

[1] The relevant provision effective at the time of sentencing instructed me to calculate Mr. Spears's criminal history category as follows:
    (a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
    (b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).

*States v. Martinez*, No. 03-CR-01049 (NGG), 2024 WL 3966291, at *5 n.8 (E.D.N.Y. Aug. 28, 2024) (explaining "recency points"). Based on these calculations, Mr. Spears's advisory Guidelines range at the time was 324–405 months. I determined that a sentence of 350 months, in the lower third of the range, was appropriate. Sent'g Tr. 47. I adjusted the sentence to account for a combined 68 months that Mr. Spears had already served in custody on related charges, resulting in a final sentence of 282 months, followed by a five-year period of supervised release. *Id*. at 48, 50.

On December 14, 2009, Mr. Spears was sentenced to 15 years in prison in the state case for attempted murder, to run concurrently with his federal sentence. *See* ECF No. 401. On February 3, 2022, Mr. Spears completed his state sentence and was transferred to federal custody to begin serving the remainder of his federal sentence, with an approximate projected release date of August 17, 2029. Gov't Opp'n at 2; *see* ECF No. 401.

Since his transfer to federal custody, I have received several letters from Mr. Spears regarding the proper calculation of his sentence. *See* ECF Nos. 400, 403, 405. In response to these *pro se* submissions, I have clarified that Mr. Spears's federal sentence should run concurrently with his state sentences, ECF No. 401, and that Mr. Spears was not eligible for a

---

(c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this item.
(d) Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.
(e) Add 2 points if the defendant committed the instant offense less than two years in after release from imprisonment on a sentence counted under (a) or (b) or while imprisonment or escape status on such a sentence. If 2 points are added for item (d), add only 1 point for this item.
(f) Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was counted as a single sentence, up to a total of 3 points for this item.

U.S.S.G. § 4A1.1 (2008).

3

retroactive reduction based on Guidelines Amendment 782 because I had already adjusted his base offense level from 38 to 34, ECF No. 404.[2]

On November 20, 2023, Mr. Spears filed a *pro se* motion to reduce his sentence, this time citing a different amendment to the Guidelines and other personal circumstances. Def.'s Mot. 5–6. The government opposed the request, indicating that it could not identify the amendment to which Mr. Spears's motion referred and arguing that, regardless, the factors listed at 18 U.S.C. § 3553(a) did not warrant a reduction given the seriousness of his offense conduct and history of violent behavior. Gov't Opp'n 4. Mr. Spears filed a reply in which he clarified that he seeks relief under Amendment 821, which eliminated status points from the calculation of criminal history scores and was designated as retroactive by the Sentencing Commission. Def.'s Reply 1, ECF No. 410; *see* U.S.S.G. § 1.B1.10(d) (2023); *Kaziu v. United States*, 108 F.4th 86, 97 (2d Cir. 2024) (Calabresi, J., concurring) (describing Amendment 821). Shortly after the motion was fully briefed, Mr. Spears was appointed counsel, and I ordered his motion to be held in abeyance pending a supplemental submission from counsel. ECF Nos. 411, 412.

On September 3, 2024, I received Mr. Spears's supplemental memorandum, prepared with the assistance of counsel, concerning his entitlement to relief under Amendment 821. The supplemental memorandum urges me to grant relief in the form of compassionate release, 18 U.S.C. § 3582(c)(1)(A), because, in counsel's view, a "perverse technicality" prevents a reduction under section 3582(c)(2). *See* Def.'s Suppl. Mem. 1–3. The government again responded in opposition, arguing that Mr. Spears is not eligible for relief under Amendment 821

---

[2] Amendment 782, adopted in 2014, changed how base offense levels were calculated for drug trafficking offenses by reducing the offense level assigned to certain statutory minimum drug quantities by two points. *See* U.S. Sent'g Comm'n, "Amendment 782" (Nov. 1, 2014), https://www.ussc.gov/guidelines/amendment/782. Amendment 782 was made retroactive by Amendment 788. *See United States v. Ramirez*, 846 F.3d 615, 618 (2017).

4

because his criminal history score did not include any status point and is thus unaffected by the retroactive change. Gov't Letter 2.

## LEGAL STANDARD

District courts are authorized to modify a sentence of imprisonment if it meets one or more of the criteria set forth in 18 U.S.C. § 3582(c).

Under section 3582(c)(2), a district court may, after consulting the sentencing factors listed in 18 U.S.C. § 3553(a), modify the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and made retroactive. *See Hughes v. United States*, 584 U.S. 675, 681 (2018). The Supreme Court has explained that section 3582(c)(2) sets forth a "two-step inquiry" for resolving a motion for a sentence reduction. *Dillon v. United States*, 560 U.S. 817, 826 (2010). At step one, the court must determine whether a reduction would be "consistent with" the Sentencing Commission's policy statement concerning sentence reductions. *Id*. at 826–27; *see* U.S.S.G. § 1B1.10 (2024) (policy statement); *United States v. Jarvis*, 883 F.3d 18, 21 (2d Cir. 2018) (per curiam). If the court determines that a reduction is consistent with U.S.S.G. § 1B1.10, it proceeds to step two to determine whether a reduction is warranted "under the particular circumstances of the case." *Dillon*, 560 U.S. at 827. At step two, the court may consider not only the applicable § 3553(a) factors, but also the defendant's personal circumstances and post-sentencing conduct. *United States v. Derry*, 824 F.3d 299, 304 (2d Cir. 2016).

Alternatively, a district court may reduce a sentence in the form of "compassionate release" when a defendant is at least 70 years old or there are other "extraordinary and compelling reasons" for doing so. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Jones,* 17 F.4th 371, 373–74 (2d Cir. 2021). Section 1B1.13 of the Guidelines sets forth the Sentencing Commission's view of what

5

constitutions "extraordinary and compelling reasons." U.S.S.G. § 1B1.13 (2024). Since the passage of the First Step Act, however, courts are not bound by the Commission's interpretation and may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring[.]" *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020); *see also United States v. Russo*, 643 F. Supp. 3d 325, 328–30 (E.D.N.Y. 2022). Before granting compassionate release, the court must also consider "the factors set forth in section 3553(a)." *Jones*, 17 F.4th at 374 (quoting 18 U.S.C. § 3582(c)(1)(A)). The defendant bears the burden of showing that he is eligible for a compassionate release. *United States v. Fernandez*, 104 F.4th 420, 427 (2d Cir. 2024).

## DISCUSSION

**I. Mr. Spears is not eligible for a sentence reduction under 18 U.S.C. § 3582(c) because his criminal history score is not impacted by any retroactive amendments.**

To begin, I briefly explain why Mr. Spears is not eligible for a sentence reduction based on Amendment 821. While both parties agree with this general conclusion, they offer divergent explanations for why.

Amendment 821 went into effect on November 1, 2023, and applies retroactively. U.S.S.G. Suppl. Appx. C at 234, 243 (2024) ("Appx. C Suppl."); U.S.S.G. § 1B1.10(d) (2024). Among other changes, Amendment 821 amended the criminal history section by reducing the number of criminal history points, commonly referred to as "status points," added for defendants who committed the offense while serving a different sentence. Appx. C Suppl. 234. Prior to its adoption, the relevant provision instructed courts to "add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d) (2021). Under the new version of the guideline, an individual can receive a maximum of one status point. *See* U.S.S.G. § 4A1.1(e) (2023). This change reflected the Commission's finding that status points are of little

6

predictive value in assessing the likelihood of recidivism Appx. C Suppl. 239–41. *See also* U.S. SENT'G COMM'N, REVISITING STATUS POINTS 17 (2022), https://www.ussc.gov/research/research-reports/revisiting-status-points.

In his supplemental memo, Mr. Spears argues that he would be eligible for a sentence reduction under Amendment 821, but for the fact that his previous sentence was adjusted downward to reflect time served. Def.'s Suppl. Mem. 2. This assertion is not correct, as Mr. Spears's sentence did not include any status points, but instead included two "recency points" to account for the temporal proximity of his offense and his pervious release from incarceration, in accordance with then-subsection 4A1.1(e). PSR ¶ 86. Shortly after Mr. Spears's sentencing, the Commission eliminated the "recency points" provision with Amendment 742, which took effect on November 1, 2010. U.S.S.G. App. C, vol. III, at 354 (2024). As with Amendment 821, this change was implemented to reflect the Commission's concern that "consideration of recency" did not meaningfully improve the predictive ability of the criminal history score. *Id.* at 356. Unlike Amendment 821, however, Amendment 742 was not designated as retroactive. *See* U.S.S.G. § 1B1.10(d) (2024). Thus, while it is true that Mr. Spears's criminal history score would likely be at least one point lower if it was calculated today,[3] the government is correct that he is not entitled to relief on this basis. *See* Gov't Letter 2.

Because I am bound to follow the Commission's instructions regarding the effect of amendments to the Sentencing Guidelines, *Dillon*, 560 U.S. at 819, I must deny Mr. Spears's request for relief under 18 U.S.C. § 3582(c)(2).

---

[3] The sentencing record does not indicate whether Mr. Spears was "under any criminal justice sentence" at the time of his offense that would make him subject to a one-status-point enhancement under the current Guidelines. *See* U.S.S.G. § 4A1.1(e) (2023).

7

### II. Mr. Spears has not met his burden to show extraordinary and compelling reasons to justify compassionate release.

In the alternative, Mr. Spears argues that I should reduce his sentence in the form of compassionate release because doing so is warranted by extraordinary and compelling reasons. Def.'s Mot. 1; Def's Suppl. Mem. 3. Mr. Spears's argument lacks both legal and factual support.

Mr. Spears's primary argument, highlighted in the supplemental memorandum submitted by counsel, is that he would be "*entitled* to a downward reduction" under Amendment 821 but for the fact that I previously credited him for time served, and that denying him a reduction for this reason would be "perverse." *Id.* at 3; *see also* Def.'s Reply 1. As I have already explained, this argument fails because it rests on a faulty factual premise: Mr. Spears's original sentence did *not* actually reflect any status points. *See* PSR ¶¶ 85–86.

In addition to the Guidelines amendments, Mr. Spears identifies four other factors in support of early release. None of these factors, whether considered alone or in combination, rises to the level of "extraordinary and compelling."

First, Mr. Spears claims that his release date has been calculated incorrectly and does not reflect the sentence that was pronounced. Def.'s Mot. 4, 15. Specifically, Mr. Spears states that he was sentenced separately to 240 months and 60 months to run consecutively, and that he began serving his sentence in 2006, when he was arrested. *Id.* at 4. These assertions reflect a mistaken understanding of the sentencing record. In fact, Mr. Spears was sentenced to a total of 282 months, Sent'g Tr. 48, which began to run only after the sentence was pronounced in 2009—not at the time he was arrested.

Second, Mr. Spears states that he needs to be released to care for his spouse, who "finds herself no longer [able] . . . to self-care[.]" Def.'s Reply 3. While it is true that family caretaking obligations may justify compassionate relief in certain circumstances, *see, e.g.*, *United States v.*

8

*Lisi*, 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020), the defendant must generally provide concrete evidence that he is the "only caregiver available," *United States v. Sharma*, No. 19-CR-24 (JMA), 2023 WL 4305054, at *2 (E.D.N.Y. June 30, 2023). Here, Mr. Spears's conclusory assertion that he is needed as a caregiver does not satisfy his evidentiary burden. *See id*. at *3; *United States v. Johnson*, No. 96-CR-932 (FB), 2024 WL 4517550, at *8 (E.D.N.Y. Oct. 17, 2024).

Third, Mr. Spears states that he is serving an "extremely long sentence," 10 years of which has already been served. Def.'s Mot. 6. 282 months is certainly a lengthy sentence. However, given Mr. Spears's offense conduct, criminal history, and the multiple downward departures I made at sentencing, Sent'g Tr. 46, I do not believe the sentence was unduly harsh, especially given that Mr. Spears's federal sentence runs concurrently with his state sentence for attempted murder, ECF No. 401. This is not a case where the defendant received a dramatically longer sentence than he would if were sentenced today. *Cf. United States v. Haynes*, 456 F. Supp. 3d 496, 514–15 (E.D.N.Y. 2020); *United States v. Hall*, No. 19-CR-74, 2024 WL 3718341, at *3 (D. Conn. Aug. 8, 2024). In fact, under the current Guidelines, I would calculate Mr. Spears's base offense level as 34 and his adjusted offense level would as 37—exactly as I did before. *See* U.S.S.G. § 2D1.1 (2023). Assuming a reduction in Mr. Spears's criminal history category from V to IV to reflect the elimination of recency points, Mr. Spears's sentence still falls squarely within his current Guidelines range of 224–297 months, adjusted to reflect 68 months of time served. *See* U.S.S.G. § 5A (2023) (recommending range of 292–365 months for an offense level of 37 in criminal history category IV).

Finally, Mr. Spears explains that he participated in extensive BOP programming that has prepared him to succeed personally and professionally upon his release. *See* Def.'s Reply 2, 5–14. While Mr. Spears's ongoing efforts at self-improvement are certainly commendable, the record is

9

silent regarding other indicia of rehabilitation, such as his acceptance of responsibility for his crimes, his disciplinary record, his recidivism risk score, or letters from third parties who can speak to his progress. *See, e.g.*, *United States v. Amerson*, No. 05-CR-0301 (JS), 2023 WL 4497767, at *8 (E.D.N.Y. July 12, 2023); *Russo*, 643 F. Supp. 3d at 332. Without any corroboration, it is difficult for me to assess Mr. Spears's claim that he has been rehabilitated. Even if I credit Mr. Spears's claim that he is prepared to succeed "upon his release from incarceration," Def.'s Reply 2, the Second Circuit has consistently held that rehabilitation alone does not justify a sentence reduction. *Brooker*, 976 F.3d at 237–38.

Should Mr. Spears identify new or additional evidence supporting compassionate release, he may of course file a new motion.

## CONCLUSION

Because Mr. Spears is not entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2), nor has he met his burden to demonstrate extraordinary and compelling reasons justifying compassionate release, 18 U.S.C. § 3582(c)(1), the motion is denied.

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated:   January 10, 2025
         Brooklyn, New York

10